SIGNED THIS 15th day of February, 2023

*Rebecca B. Connelly*
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE
DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: | Chapter 7 |
| JAMES ANDREW HEGEDUS, | |
| VIRGINIA ELLEN HEGEDUS, | Case No. 19-50855 |
|     Debtors. | |
| | |
| JAMES ANDREW HEGEDUS, | |
| VIRGINIA ELLEN HEGEDUS, | |
|     Plaintiffs, | |
| v. | Adv. P. No. 22-05007 |
| U.S. BANK NATIONAL ASSOCIATION, | |
| NOT IN ITS INDIVIDUAL CAPACITY BUT | |
| SOLELY AS TRUSTEE FOR THE NRZ | |
| PASS-THROUGH TRUST IX, | |
|     Defendant. | |

### MEMORANDUM OPINION

This case involves *pro se* debtors who have engaged in litigation in multiple courts over
multiple years, stemming largely from a foreclosure action. This time, the debtors repeat their
charge that the defendant violated the discharge injunction plus again assert other nonbankruptcy
claims.

Before the Court are two motions. One is a "motion to grant judgment" filed by the
plaintiffs (who are the debtors in the underlying bankruptcy case), James Andrew Hegedus and
Virginia Ellen Hegedus. The second is a motion for judgment on the pleadings and for a prefiling

injunction against the plaintiffs filed by the defendant, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the NRZ Pass-Through Trust IX ("U.S. Bank").  Each party filed a memorandum in support and a response to the other party's motion.  The Court held a hearing on the motions, at which the plaintiffs and counsel for the defendant appeared and were heard.  The Court took the matters under advisement and now issues its ruling.

The Court finds the plaintiffs have failed to plead a cause of action that is plausible on its face.  Accordingly, the Court grants the defendant's motion for judgment on the pleadings and denies plaintiffs' motion.  In addition, separately, the Court will submit proposed findings of fact and conclusions of law recommending the United States District Court for the Western District of Virginia grant the defendant's request to issue a prefiling injunction against the plaintiffs.

## JURISDICTION

The plaintiffs filed bankruptcy in this Court.  This Court has jurisdiction over their bankruptcy case by the provisions of 28 U.S.C. §§ 1334(a) and 157(a), the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.

The primary issue in this matter is whether the defendant violated the discharge injunction. Determining the extent of the discharge injunction and enforcing its terms touches the purpose of bankruptcy; a bankruptcy judge has authority to hear and decide this fundamental bankruptcy function and issue a final order.

In addition, the defendant asks the Court to decide if the plaintiffs' alleged bad-faith litigation efforts warrant a prefiling injunction against the plaintiffs (in other words, whether the plaintiffs should be barred from further filings absent express court approval).  As this request does not fall within the categories of core proceedings on which this Court may issue a final ruling, the

Court will submit proposed findings of fact and conclusions of law to the United States District

Court for the Western District of Virginia pursuant to 28 U.S.C. § 157(c)(1) for consideration of

the prefiling injunction.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

*Foreclosure Action*

On December 29, 2015, Bank of New York, Mellon filed a foreclosure proceeding in

Delaware Superior Court against Mr. and Mrs. Hegedus's then jointly owned real property located

at 20231 Cubbage Pond Road, Lincoln, Delaware 19960 (the "Property"). *See* Pls.' Mem. at 2,

ECF Doc. No. 20; Def.'s Mem. at 3, ECF Doc. No. 25.

For the next two years, the Hegeduses contested the proceeding in the Delaware courts.[1]

*See* Pls.' Mem. at 2. Ultimately, on January 25, 2018, the Delaware Superior Court granted

summary judgment in favor of Bank of New York, Mellon and against the Hegeduses. *See* Compl.

¶ 6, ECF Doc. No. 1; Answer ¶ 6, ECF Doc. No. 6; Pls.' Mem. at 2. After that, Mr. and Mrs.

Hegedus appealed the judgment to the Supreme Court of the State of Delaware. Pls.' Mem. at 3.

On July 10, 2018, the Supreme Court of Delaware affirmed the Superior Court. *See Hegedus v.*

*Bank of N.Y. Mellon*, 190 A.3d 998 (Del. 2018). Mr. and Mrs. Hegedus then sought rehearing en

banc, which was denied on July 25, 2018. *See Bank of N.Y. Mellon v. Hegedus*, No. CV 21-856-

RGA, 2022 WL 613456, at *1 (D. Del. Mar. 2, 2022). On September 5, 2018, Mr. and Mrs.

Hegedus filed a Notice of Removal, removing the state court action to the U.S. District Court for

---

[1]     Meanwhile, Mr. and Mrs. Hegedus had filed complaints and amended complaints in the District Court for
the Western District of Virginia alleging myriad claims against the servicer, Nationstar Mortgage LLC, as well as
counsel representing the Bank of New York, Mellon. *See* Case No. 5:16-cv-00001 (W.D. Va.), ECF Doc. No. 1; Case
No. 5:17-cv-00053 (W.D. Va.), ECF Doc. Nos. 1, 43. The District Court dismissed the complaints on the defendants'
motions. *See Hegedus v. Nationstar Mortg., LLC*, No. 5:16-CV-001, 2016 WL 5660239, at *1 (W.D. Va. Sept. 29,
2016); *Hegedus v. Nationstar Mortg., LLC*, No. 5:17-CV-00053, 2018 WL 1461747 (W.D. Va. Mar. 23, 2018);
*Hegedus v. Nationstar Mortg. LLC*, No. 5:17CV53, 2018 WL 6515147, at *1 (W.D. Va. Dec. 11, 2018).

the District of Delaware.  *See id.*  The District Court remanded the matter for lack of jurisdiction.

*See id.*

*Bankruptcy Cases*

A little over two months after they filed the notice of removal, on November 16, 2018, Mr.

and Mrs. Hegedus filed a chapter 13 bankruptcy petition in this Court.  *See* Case No. 18-51043

(Bankr. W.D. Va.), ECF Doc. No. 1.  The case was dismissed on the trustee's motion to dismiss

on January 10, 2019.  *See* Case No. 18-51043 (Bankr. W.D. Va.), ECF Doc. Nos. 18–20.  Shortly

thereafter, the Hegeduses wrote a letter to the Court in which they stated "[t]he sole purpose for

filing a bankruptcy was to identify the true creditor in the foreclosure."  *See* Letter at 1, Case No.

18-51043 (Bankr. W.D. Va.), ECF Doc. No. 21.

Approximately nine months after the dismissal of their chapter 13 bankruptcy case, on

September 30, 2019, the Hegeduses filed bankruptcy again in this Court.  *See* Case No. 19-50855

(Bankr. W.D. Va.), ECF Doc. No. 1.  This time they filed a chapter 7 petition.  Within a month,

U.S. Bank (after being the assigned the mortgage from Bank of New York, Mellon) filed a motion

for relief from stay in this Court and set the motion for hearing on December 11, 2019.  *See* Case

No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 8.  The Hegeduses filed a response to the motion

for relief from stay and a memorandum in support of their opposition to relief from stay.  *See* Case

No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 27.  On December 11, 2019, the Court held a

hearing on the motion for relief from stay and granted U.S. Bank's motion.  On December 19,

2019, the Court entered the order granting relief from stay.  *See* Case No. 19-50855 (Bankr. W.D.

Va.), ECF Doc. No. 37.  On December 24, 2019, the Court entered an order granting a discharge

to Mr. and Mrs. Hegedus under section 727 of the Bankruptcy Code.  *See* Case No. 19-50855

(Bankr. W.D. Va.), ECF Doc. Nos. 38, 39.

On December 26, 2019, the Hegeduses filed a "motion objecting to order terminating automatic stay." *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 40.  In their "motion objecting to order," the Hegeduses stated they "do not object to the stay being terminated," but ask that the Court amend the order. *See id.* at 1.  They requested that the order acknowledge "their opposition opposing the relief from automatic stay" indicating "their belief that the Movant had no standing to file its motion for relief" and that their "default was not the determining factor in lifting the automatic stay." *See id.* at 2.  Lastly, Mr. and Mrs. Hegedus requested that the order indicate that the Hegeduses "are to *proceed* with their ongoing litigation in Delaware under Court order, not *desire*." *See id.*  Mr. and Mrs. Hegedus cited Federal Rule of Civil Procedure 60(a) "as it applies to Bankruptcy Rule 9024" as authority for the Court to alter the order. *See id.* at 1.  On January 29, 2020, the Court denied their motion. *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 41.

On January 30, 2020, because it had assigned its interest to U.S. Bank, the Bank of New York, Mellon filed a request that the Delaware Superior Court "mark the judgment" in that action "in favor of [the Bank of New York, Mellon] to the use of U.S. Bank National Association . . . pursuant to the Assignment [o]f Mortgage" and attached the assignment from the Bank of New York, Mellon to U.S. Bank dated May 16, 2019. *See Hegedus v. Tarburton*, No. 2021-0067-MTZ, 2021 WL 943131, at *1 (Del. Ch. Mar. 11, 2021).

On February 3, 2020, Mr. and Mrs. Hegedus renewed their request in the Bankruptcy Court by filing a "request for relief from order terminating automatic stay and relief from violation of discharge." *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 43.  They filed a "supplemental pleading" to their renewed request on February 18, 2020, and noticed these matters for a hearing to be held on March 18, 2020. *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc.

Nos. 46, 47.  The defendant filed a response, to which the Hegeduses replied.  *See* Case No. 19-

50855 (Bankr. W.D. Va.), ECF Doc. Nos. 48, 50, 51.

On March 13, 2020, the Hegeduses filed a motion for a continuance.  *See* Case No. 19-

50855 (Bankr. W.D. Va.), ECF Doc. No. 52.  The Court granted a continuance to May 20, 2020,

and ordered the matter to be heard as a telephonic hearing. *See* Case No. 19-50855 (Bankr. W.D.

Va.), ECF Doc. Nos. 54, 56.

On May 6, 2020, the Hegeduses filed a motion for "leave to amend adversary complaint"

and a "motion for postponement."  *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. Nos. 58,

59.  The Court set both motions for a telephonic hearing and requested that the parties submit

written authorities prior to the hearing.  *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No.

60.  The parties submitted authorities, which the Court reviewed prior to the hearing.  *See* Case

No. 19-50855 (Bankr. W.D. Va.), ECF Doc. Nos. 62, 63.

The Court held the hearing on May 20, 2020.  The Court heard argument from the parties.

At the conclusion, the Court took the matters under advisement.  On June 19, 2020, the Court

entered an order denying the Hegeduses' motion for relief from order terminating stay, motion to

continue hearing, and motion for leave to amend complaint.  *See* Case No. 19-50855 (Bankr. W.D.

Va.), ECF Doc. No. 67.

In their pleadings, Mr. and Mrs. Hegedus sought "relief from the order terminating stay"

contending that relief from stay was granted only "to commence (initiate [U.S. Bank's] own)

foreclosure proceedings."  *See* Resp'ts' Req. ¶ 4, Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc.

No. 43.  Although Mr. and Mrs. Hegedus sought "relief from the order terminating the stay" in

their pleadings, they also demanded the Court enjoin U.S. Bank from its activities in the Delaware

foreclosure proceeding based on the discharge order.  In their "supplemental pleading" filed on

February 18, 2020, Mr. and Mrs. Hegedus claimed, without any support or legal authority, that U.S. Bank was barred from taking any action in the Delaware litigation by the doctrine of collateral estoppel, that U.S. Bank had failed to provide evidence that it holds the original note, and that the assignment to U.S. Bank was ineffective. *See* Resp'ts' Supplemental Pleading ¶¶ 5, 15, 17, 18, Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 46.

Despite Mr. and Mrs. Hegedus's contentions, the order terminating stay was not a limited authorization. The order terminated the bankruptcy stay as to U.S. Bank with respect to the Property, and as such permitted U.S. Bank to exercise its rights under applicable law against the Property, including to process its substitution for the Bank of New York, Mellon in the Delaware state court proceeding. In denying their motions, this Court noted that it

> heard the debtors' arguments . . . at the hearing in December 2019. The Court found in favor of granting relief from stay to U.S. Bank. The Court subsequently heard argument from the debtors when they sought reconsideration of the order. Again, the Court ruled against the debtors. The Court has now again heard much of the same arguments from the debtors . . . . For a third time, the Court has ruled against the debtors on these issues.

Order at 8, Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 67.

On June 26, 2020, Mr. and Mrs. Hegedus filed a notice of appeal, appealing to the United States District Court for the Western District of Virginia from the Court's order denying their motion for relief from order terminating stay. *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 71.

On February 24, 2021, the United States District Court for the Western District of Virginia entered an order affirming this Court's order. *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 81. On June 1, 2021, the bankruptcy case was closed. *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 82.

*Foreclosure Sale*

The following month, on March 16, 2021, the Property was sold to the defendant at a sheriff's sale. *See U.S. Bank Nat'l Ass'n as Tr. of NRZ Pass Through Tr. IX v. Hegedus*, No. CV S15L-12-053 THG, 2021 WL 1987484, at *1 (Del. Super. Ct. May 18, 2021).

On April 6, 2021, Mr. and Mrs. Hegedus filed an Objection to the Confirmation of Sheriff's Sale.[2] *See* Obj. to the Confirmation of Sheriff's Sale, *U.S. Bank Nat'l Ass'n as Tr. of NRZ Pass Through Tr. IX v. Hegedus*, No. S15-L-12-053 (Del. Super. Ct. April 6, 2021). In that objection, Mr. and Mrs. Hegedus argued, among other things, that the confirmation of the sheriff's sale should be denied, and the sale should be vacated because U.S. Bank "was not the original mortgagee at the time of the foreclosure (judgment), [and as such] they are barred from using the foreclosure judgment for their own benefit." *Id.* ¶ 11. They went on to argue that U.S. Bank "needed to file a new lawsuit," though U.S. Bank could not do so as "it would be res judicata." *Id*. On April 20, 2021, Mr. and Mrs. Hegedus filed a Motion to Set Aside the Confirmation of the Sheriff's Sale (although the Sheriff's Sale had not been confirmed when this motion was filed). *See Hegedus*, No. CV S15L-12-053 THG, 2021 WL 1987484, at *1.

The Delaware Superior Court reviewed and considered all the Hegeduses' arguments and objections and found "no merit in them." *See id.* Accordingly, in an order dated May 18, 2021,

---

[2]    This was not Mr. and Mrs. Hegedus's first effort to hinder or annul the sheriff's sale. On January 26, 2021, Mr. and Ms. Hegedus filed a "Complaint for Illegal Writ of Sale," a motion to expedite, and a motion for temporary restraining order against counsel for U.S. Bank in the foreclosure action in the Court of Chancery of the State of Delaware. *See Hegedus*, 2021 WL 943131, at *1. The complaint and motions contend that counsel had no right to schedule the sale of the Property because he had failed to demonstrate U.S. Bank had standing to proceed with the sale. *Id.* The Court of Chancery dismissed the case for lack of subject matter jurisdiction on March 11, 2021. *Id.* at *2–*3. On the next day, March 12, 2021, Mr. and Mrs. Hegedus filed a Motion for Emergency Injunction and Stay to prohibit the sheriff's sale of the Property in the Delaware Superior Court. *See* Mot. for Emergency Injunction and Stay, *U.S. Bank Nat'l Ass'n as Tr. of NRZ Pass Through Tr. IX v. Hegedus*, 2021 DE SUP. CT. MOTIONS LEXIS 1626 (Del. Super. Ct. March 12, 2021) (No. S15-L-12-053). The Superior Court denied the motion on April 6, 2021. *See* Order, *U.S. Bank Nat'l Ass'n as Tr. of NRZ Pass Through Tr. IX v. Hegedus*, No. S15-L-12-053 (Del. Super. Ct. April 6, 2021).

the Delaware Superior Court denied the Hegeduses' Objection to the Confirmation of Sheriff's

Sale and confirmed the sheriff's sale.  In the same order, the Delaware Superior Court denied the

Hegeduses' Motion to Set Aside Confirmation to Sheriff's Sale.  *See id.*  In June 2021, a sheriff's

deed to the Property was recorded in defendant's name.  *See* Compl. ¶ 7; Answer ¶ 7.

*Adversary Proceeding*

A year later, on June 9, 2022, Mr. and Mrs. Hegedus filed a motion to reopen their chapter

7 bankruptcy case.  *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 84.  On June 14,

2022, the Court granted the motion to reopen.  *See* Case No. 19-50855 (Bankr. W.D. Va.), ECF

Doc. No. 87.

On June 28, 2022, Mr. and Mrs. Hegedus initiated the instant adversary proceeding by

filing a complaint alleging that U.S. Bank violated their bankruptcy discharge.  *See* ECF Doc. No.

1.  Mr. and Mrs. Hegedus ask this Court to issue a judgment holding U.S. Bank in contempt for

the violation, award "$279,116.00, the amount seized by [U.S. Bank's] illegal taking of the

[Property]," and "award Plaintiffs $3700, for expenses and loss of personal property."[3]  On July

26, 2022, the defendant filed an answer, *see* ECF Doc. No. 6, to which the plaintiffs filed a reply,

*see* ECF Doc. No. 13.

On August 11, 2022, the Court held a pre-trial conference, at which the plaintiffs and

counsel for the defendant appeared and were heard.  After that, the Court entered a pre-trial order

providing, among other things, that dispositive motions, if filed, shall be heard on October 26,

2022.  *See* ECF Doc. No. 15.

---

[3]    Without asking for leave from the Court, the plaintiffs later amended their request for awards and raised the
amount to $400,000.00 in their memorandum in support of the motion to grant judgment to plaintiffs.  *See* Pls.' Mem.
at 15.

On October 14, 2022, the plaintiffs filed their motion to grant judgment to plaintiffs and a memorandum in support of the motion. *See* ECF Doc. Nos. 19, 20. On October 17, 2022, the defendant filed a motion for judgment on the pleadings and sanctions against the plaintiffs, along with a memorandum in support of the motion. *See* ECF Doc. Nos. 24, 25. The plaintiffs filed a response to the defendant's motion for judgment on the pleadings, *see* ECF Doc. No. 29, and the defendant in turn filed an opposition to the plaintiffs' motion to grant judgment, *see* ECF Doc. No. 30.

On October 26, 2022, the Court held a hearing on the dispositive motions, at which the plaintiffs and counsel for the defendant appeared and were heard. *See* ECF Doc. No. 31. Each party argued in support of their respective dispositive motion. The Court took the matters under advisement.[4] *See* ECF Doc. No. 32.

---

[4]    After the hearing, on November 1, 2022, the plaintiffs filed a "letter to the court regarding violation of discharge injunction." *See* ECF Doc. No. 33. The substance of the letter is to "ask the Court to review and consider [plaintiffs'] findings," which, other than reiterating their allegations in the complaint and motion to grant judgment, includes only one main assertion. That is, according to the letter, the appeal decision of the United States District Court for the Western District of Virginia affirming the Court's order denying plaintiffs' motion for relief from order terminating stay "did not affirm [the Court's] opinion" that defendant did not "violate[] the discharge injunction." *See id.* at 2. Instead, according to the letter, "[t]he only issue affirmed in the District Court is that [defendant] had standing to file a motion seeking relief from the automatic stay." *See id.*

Because both plaintiffs' motion and defendant's motion were fully briefed prior to the hearing on October 26, 2022, and fully argued at the hearing, the Court does not need to take plaintiffs' letter into its consideration when it issues this ruling. Nevertheless, the Court will consider it. Having done so, the Court finds no merit to plaintiffs' statements regarding the District Court's decision because they are simply incorrect. This Court's order denying plaintiffs' motion for relief from order terminating stay, plaintiffs' motion to continue hearing, and plaintiffs' motion for leave to amend complaint explicitly provides in relevant part that "[t]he Court does not find based on the evidence presented that [defendant] has violated the discharge injunction." *See* Order at 7, Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 67. This order was affirmed by the District Court in its entirety. *See* Appeal Decision at 1, 12–13, Case No. 19-50855 (Bankr. W.D. Va.), ECF Doc. No. 81. Furthermore, the District Court decision specifically analyzed if plaintiffs' discharge was violated and concluded that it was not. *See id.* at 11–12.

For these reasons, the Court finds that the plaintiffs' letter at ECF Doc. No. 33 does not affect the Court's ruling in this memorandum opinion.

*The Dispositive Motions*

   *Plaintiffs' Motion*

   The Hegeduses filed a motion titled "motion to grant judgment to plaintiffs against U.S. Bank National Association's willful violation of plaintiff's discharge injunction." *See* ECF Doc. No. 19.  The motion does not cite a rule authorizing the relief. *See id.*  Because the motion is requesting judgment be granted to the plaintiffs prior to a trial, the Court could construe the motion in two ways.  First, the motion could be construed as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[5]  *See* Fed. R. Civ. P. 12(c).  Second, the motion could be construed as a motion for summary judgment under Federal Rule of Civil Procedure 56.[6] *See* Fed. R. Civ. P. 56.  Because the plaintiffs are proceeding *pro se*, the Court will review the motion under both standards to see if it is appropriate to grant the relief requested.

   *Defendant's Motion*

   The defendant's motion is titled "motion for judgment on the pleadings."  U.S. Bank explicitly states that the motion is brought pursuant to Federal Rule of Civil Procedure 12(c). Accordingly, the Court will consider the defendant's motion under the applicable legal standards for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

*Legal Standards for a Motion for Judgment on the Pleadings*

   Rule 12 of the Federal Rules of Civil Procedure sets forth the criteria for a motion for judgment on the pleadings.  Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Rule

---

[5]      Federal Rule of Civil Procedure 12(b)–(i) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

[6]      Federal Rule of Civil Procedure 56 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.

12(c) motions dispose of cases in which there is no substantive dispute that warrants the litigants

and the court proceeding further." *Fowler v. State Farm Mut. Auto. Ins. Co.*, 300 F. Supp. 3d 751,

755 (D.S.C. 2017) (citations and quotation marks omitted), *aff'd*, 759 F. App'x 160 (4th Cir. 2019).

Under Federal Rule of Civil Procedure 12(h)(2), defenses of failure to state a claim upon which

relief can be granted or to state a legal defense to a claim may be raised in a Rule 12(c) motion.

*See* Fed. R. Civ. P. 12(h)(2). "A . . . Rule 12(c) motion for judgment on the pleadings is decided

under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Tr.*

*Co. v. I.R.S.*, 361 F. App'x 527, 529 (4th Cir. 2010). As with Rule 12(b)(6) motions, motions

pursuant to Rule 12(c) require the pleadings to be construed in the light most favorable to the non-

moving party. *See Fowler*, 300 F. Supp. 3d at 756 (citing *Burbach Broad. Co. of Del. v. Elkins*

*Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002)). A Rule 12(c) motion can be made after a

responsive pleading is filed. Therefore, "[t]he key difference between a Rule 12(b)(6) motion and

a Rule 12(c) motion is that on a 12(c) motion, the court 'consider[s] the answer as well as the

complaint' and 'documents incorporated by reference in the pleadings.'" *Van Connor v. One Life*

*Am., Inc.*, 546 F. Supp. 3d 458, 461 (D.S.C. 2021) (citations omitted). Additionally, "[i]n the

specific context of a motion for judgment on the pleadings, 'federal courts may consider materials

that are public records or otherwise appropriate for taking judicial notice without converting . . . to

a motion for summary judgment.'" *Jones v. Penn Nat'l Ins. Co.*, 835 F. Supp. 2d 89, 95 (W.D.N.C.

2011) (citations omitted). Granting a Rule 12(c) motion allows entry of judgment in favor of the

moving party.

For the pleadings to be construed in the light most favorable to the non-moving party,

courts "accept as true all well-pleaded allegations in the nonmovant's submissions and draw all

reasonable factual inferences in the nonmovant's favor." *See Dominion Energy Cove Point LNG,*

*L.P. v. Mattawoman Energy, LLC*, No. 1:20-CV-611, 2020 WL 9260246, at \*5 (E.D. Va. Oct. 20, 2020) (citing *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016)); *see also E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While a court must accept the facts in the light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc.*, 213 F.3d at 180.

Courts in turn "determine whether the nonmovant's pleadings contain sufficient facts that, accepted as true, state a claim to relief that is plausible on its face." *See Dominion Energy Cove Point LNG, L.P.*, 2020 WL 9260246, at \*5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] defendant's motion for judgment on the pleadings 'should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

*Legal Standards for a Motion for Summary Judgment*

Summary judgment provides a pre-trial means of testing whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must first "establish, as a matter of law, all essential elements of the issue before the nonmoving party [is]

obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539

F.3d 1271, 1280 (10th Cir. 2008). Further, when "'the movant fails to fulfill its initial burden of

providing admissible evidence of the material facts entitling it to summary judgment, summary

judgment must be denied, even if no opposing evidentiary matter is presented, for the non-movant

is not required to rebut an insufficient showing.'" *Ray Commc'ns, Inc. v. Clear Channel

Commc'ns, Inc.*, 673 F.3d 294, 299–300 (4th Cir. 2012) (quoting *Giannullo v. City of New York*,

322 F.3d 139, 140–41 (2d Cir. 2003)); *see* Fed. R. Civ. P. 56(e). Particularly relevant to the instant

case, a "more stringent summary judgment standard" applies when the movant's allegation is that

the non-moving party violated the discharge injunction, when the movant bears the burden of proof

on this allegation at trial. *See Pelt*, 539 F.3d at 1280; *In re McKenzie-Gilyard*, 388 B.R. 474, 481

(Bankr. E.D.N.Y. 2007) ("In order to succeed on a Section 524 claim, a plaintiff bears the burden

of linking a creditor's behavior with a violation of the Section 524 discharge injunction.").

## DISCUSSION

The plaintiffs contend that U.S. Bank violated the discharge injunction. Conspicuously

couched in the plaintiffs' complaint are further stale attempts to relitigate the foreclosure of the

Property.

As shown below, the plaintiffs have not pled a set of facts that entitles them to relief—even

when all reasonable factual inferences are drawn in their favor. For this reason, the defendant's

motion for judgment on the pleadings should be granted, and the plaintiffs' motion, if construed

as a motion for judgment on the pleadings, should be denied. Further, even when plaintiffs' motion

is construed as a motion for summary judgment under Rule 56(a), they are not entitled to judgment

as a matter of law because they cannot show the necessary elements to prove a violation of the

discharge injunction, with respect to which they have the burden of proof.  Therefore, the plaintiffs'

motion, if construed as a motion for summary judgment, should be denied.

*Have Plaintiffs Pled Sufficient Facts Supporting Their Claim that Defendant Violated the*
*Discharge Injunction?*

The plaintiffs received a chapter 7 bankruptcy discharge on December 24, 2019.  They

allege U.S. Bank violated their discharge injunction.  They point to four grievances against U.S.

Bank, namely: a) U.S. Bank failed to initiate its own foreclosure proceeding in the Delaware courts

and instead substituted itself for Bank of New York, Mellon; b) U.S. Bank relied upon the Bank

of New York, Mellon's foreclosure judgment that, according to the Hegeduses,  was voided by the

bankruptcy discharge order; c) U.S. Bank through its servicers sent correspondence to the

plaintiffs; and d) a servicer made telephone calls to the plaintiffs.  The Court will discuss the four

points one by one to determine whether the plaintiffs have pled sufficient facts supporting their

claim that the defendant violated the discharge injunction and, if not, whether the defendant's

motion for judgment on the pleadings should be granted.  In turn, the Court will determine whether

the plaintiffs' motion should be granted.

*U.S. Bank Was Substituted for Bank of New York, Mellon*

While acknowledging that the defendant obtained relief from stay to foreclose on the

Property, the plaintiffs first allege the defendant violated the discharge injunction because U.S.

Bank did not initiate its own original foreclosure proceedings and instead stepped into the shoes

of Bank of New York, Mellon (or as the plaintiffs put it, U.S. Bank "never foreclosed" on the

Property).  *See* Compl. ¶ 2.  The plaintiffs allege Bank of New York, Mellon, not defendant U.S.

Bank, initiated the judicial foreclosure action in Delaware prior to the bankruptcy.  *See* Compl.

¶ 3.  The plaintiffs concede the defendant U.S. Bank was substituted for Bank of New York,

Mellon in the foreclosure action, but they allege that the purpose of the substitution was "to give the appearance that U.S. Bank were the original creditor in the Hegedus litigation."[7]  *See* Compl. ¶ 5.  The plaintiffs then conclude that the defendant recorded a deed in its name "without a mortgage foreclosure action" and succeeded in collecting a discharged debt by "selling plaintiffs' home without foreclosure."  *See* Compl. ¶¶ 7–8.  The plaintiffs assert the defendant's actions constitute "willful and intentional flagrant violation of the discharge injunction."  *See* Compl. ¶ 8. The defendant denied the allegations in its Answer.  *See* Answer ¶¶ 2–3, 5, 7–8.

When considering if the defendant's motion for judgment on the pleadings should be granted, the Court must construe the pleadings in the light most favorable to the plaintiffs, and vice versa.  However, the Court's obligation to do so is limited to accepting as true all those "well pleaded" allegations in the nonmovant's pleadings.  Case law in this Circuit has made it clear that the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., Inc.*, 213 F.3d at 180.

The plaintiffs allege U.S. Bank had "never foreclosed" on the Property because it did not initiate the judicial foreclosure action in its own name, but instead was substituted for the Bank of New York, Mellon.  Essentially, the plaintiffs are challenging U.S. Bank's standing to proceed with the foreclosure sale.  This exact argument has been adjudicated by the state court more than once and each time the state court found against the plaintiffs on these arguments.  For example,

---

[7]     The plaintiffs further allege in their memorandum in support of their motion for judgment that the defendant's "use of the Bank of New York Mellon final judgment is precluded in any post-petition action."  *See* Pls' Mem. at 3. Moreover, the plaintiffs allege that the substitution of U.S. Bank for Bank of New York, Mellon in the foreclosure action was a "scheme" allowing the defendant U.S. Bank to take the Property "illegally."  *See* Pls' Mem. at 8.

In response to the above allegations, the defendant argues that by recasting their allegations inside of the bankruptcy law framework, the plaintiffs continue to attempt to relitigate the foreclosure matter that has already been adjudicated by the Delaware state court.  *See* Def. Opp. ¶ 2.  As to the plaintiffs' "scheme" allegation, the defendant argues the plaintiffs "continue to demonstrate bad faith" by "submit[ting] filings that contain wild, unsubstantiated conspiracy theories."  *See* Def. Opp. ¶ 3.

as the public record shows, Mr. and Mrs. Hegedus raised the same argument in their "objection to

the confirmation of sheriff's sale" filed in the Superior Court of the State of Delaware on April 6,

2021.  In that objection, Mr. and Mrs. Hegedus argued, among other things, that the confirmation

of the sheriff's sale should be denied, and the sale should be vacated because U.S. Bank "was not

the original mortgagee at the time of the foreclosure (judgment), they are barred from using the

foreclosure judgment for their own benefit."  They went on to argue that U.S. Bank "needed to file

a new lawsuit," though they could not do so as "it would be res judicata."  The Delaware Superior

Court reviewed and considered all the Hegeduses' arguments and objections and found "no merit

in them."

Based on the above, the Court declines to accept as true the plaintiffs' unwarranted and

unreasonable statement in their pleadings that the defendant U.S. Bank had "never foreclosed" on

the Property.  At bottom, the plaintiffs plead, without support, that the process followed by the

Bank of New York, Mellon and U.S. Bank violated the discharge injunction simply because the

plaintiffs believe that U.S. Bank should have filed new pleadings for the purpose of proceeding

with the foreclosure sale once it was substituted for Bank of New York, Mellon.  As the public

record shows, courts have repeatedly rejected the plaintiffs' argument as being incorrect.  The

plaintiffs have failed to plead facts or a valid legal basis to support their claim that U.S. Bank

"never foreclosed" or how the alleged failure of U.S. Bank to initiate a duplicate state court

foreclosure proceeding violated their discharge injunction.

*"Void" Foreclosure Judgment*

The plaintiffs contend the foreclosure judgment order was voided by the bankruptcy

discharge.  Perhaps that is in part why they believe U.S. Bank should have initiated its own

foreclosure proceeding rather than substitute for New York Bank, Mellon who obtained the

judicial foreclosure judgment.   The plaintiffs' argument is premised, however, on a mischaracterization of the judgment.   The plaintiffs allege the state court foreclosure judgment was "in personam."   Compl. ¶¶ 5–6.   The plaintiffs assert that this allegedly personal judgment was discharged in their bankruptcy case.   Compl. ¶ 6.   Hence, the plaintiffs contend U.S. Bank's actions thereafter in connection with the foreclosure (specifically recording the foreclosure deed in U.S. Bank's name) violated the discharge injunction.   Compl. ¶¶ 7–9.   U.S. Bank denied the allegations in its Answer.   *See* Answer ¶¶ 5–9.

As explained below, the state court judicial foreclosure action did not render an "in personam" judgment.   The plaintiffs neither plead sufficient facts nor cite evidence to prove otherwise.   The plaintiffs imply but cite no facts or authority to conclude that the discharge order voided the state court judicial foreclosure judgment.   The plaintiffs' argument rests on the baseless and erroneous assertion that the state court judicial foreclosure process at issue is a determination of personal liability on a personal debt (yielding an unsecured money judgment) instead of a state law process to enforce a mortgage on real estate.   The judgment was not an unsecured personal judgment for unpaid indebtedness.   The foreclosure judgment order was part of the judicial process to enforce the mortgage.   The foreclosure judgment was therefore an order to enforce *in rem* rights that survived the bankruptcy discharge.   The Delaware judgment order was not voided by the bankruptcy discharge.

A discharge in a bankruptcy case "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged."   11 U.S.C. § 524(a).   The discharge only extinguishes the debtors' personal liability on a claim and does not affect any *in rem* rights that a creditor may have against the debtor's property.   *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy

discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."). Courts of the Fourth Circuit "have long followed the principle that *in rem* claims survive the bankruptcy discharge, while *in personam* claims are extinguished." *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 401 (Bankr. E.D. Va. 2011) (citing *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92 (4th Cir. 1995)).  More Specifically, "the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson*, 501 U.S. at 83 (citations omitted).  The Fourth Circuit has similarly stated that "foreclosure is an *in rem* action that survives a bankruptcy discharge." *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F.App'x 308, 312 n.6 (4th Cir. 2016).  Ultimately, "[u]nless a security interest or lien is avoided, a discharge has little, if any, impact on a creditor's ability to proceed *in rem* against the property securing the claim." *In re Taylor*, No. 09-72532, 2021 WL 3083651, at *3 (Bankr. W.D. Va. 2021); *see also Hall v. JPMorgan Chase Bank, N.A. (In re Hall)*, 559 B.R. 456, 460 (Bankr. W.D. Va. 2016) ("It is not a violation of the section 524(a) discharge injunction for a secured creditor to seek only in rem relief against the debtor's property.").

The foreclosure action in the Delaware state court was a *scire facias sur* mortgage action, which is an *in rem* action.  *See* Ex. B, Compl. at 13; *see also* Del. Code Ann. tit. 10, §§ 5061–5067.  "This *in rem* action is a legal remedy to recover real property following the breach of a mortgage agreement by nonpayment or nonperformance." *Deutsche Bank Nat'l Tr. Co. v. Bishop*, C.A. No. 1:13-CV-01645 (GMS), 2015 WL 5768942, at *1 (D. Del. Sept. 30, 2015).  In such an action, "[o]nly two legal defenses, payment or satisfaction, and the equitable claim of a plea in avoidance, are recognized defenses." *Id.* at *2.  Allowing for other defenses and counterclaims in a *scire facias sur* mortgage action "would improperly infuse an *in personam* action into an *in rem*

action based on the original mortgage transaction." *Lasalle Nat'l Bank v. Ingram*, No. Civ. A. 98L-10-025 RBY, 2005 WL 1284049, at *3 (Del. Super. Ct. May 19, 2005). This "cabined foreclosure mechanism" of Delaware law is thus the epitome of an *in rem* action. *See id.* at *2.

Because the bankruptcy discharge only voids judgments "to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged," 11 U.S.C. § 524(a)(1), the judgment stemming from the *scire facias sur* mortgage action remained unaffected by the discharge issued to the Hegeduses. What is more, the prosecution and enforcement of U.S. Bank's *in rem* rights as to the Property did not violate the discharge injunction as such injunction is limited to collection activity of "such debt as a personal liability of the debtor." *See id.* § 524(a)(2).

In other words, the judgment of foreclosure provides a creditor with necessary authority to enforce its interest in real estate. It is not an *in personam* judgment and cannot be voided by a bankruptcy discharge order because it is not a determination of the personal liability of the debtor with respect to any debt discharged. *See, e.g.*, *In re Presidential Row, Inc.*, 37 B.R. 1, 2 (Bankr. D.S.C. 1983) (holding foreclosure judgment was not voided by a bankruptcy discharge order).

Accordingly, the plaintiffs have failed to cite or plead any set of facts in support of their assertion that the discharge order voided the state court judicial foreclosure judgment. And, in any event, the enforcement of *in rem* rights was not a violation of the discharge injunction.

*Correspondence*

The plaintiffs allege U.S. Bank attempted to collect a discharged debt in violation of the discharge injunction by sending mailed correspondence. Compl. ¶ 11. According to the complaint, "defendant intentionally and willfully sent by mail, through Mr. Cooper, and through Shellpoint Mortgage Servicing, numerous statements with attached payment stubs and return

envelopes to collect payments from the Plaintiffs *(see Exhibit E)*." *Id.*  Exhibit E includes a letter

dated September 3, 2020, from Nationstar Mortgage LLC dba Mr. Cooper ("Nationstar"), the

predecessor servicer of the loan; an informational statement dated January 21, 2020; a Mortgage

Statement dated October 7, 2020; and a letter dated October 27, 2020, from Shellpoint Mortgage

Servicing ("Shellpoint"), the successor servicer of the loan.  Ex. E, Compl. at 30–34.  The

defendant denied the allegation in its Answer.  *See* Answer ¶ 11.

For the plaintiffs' allegation to survive, the facts must show the correspondence was an

attempt to collect a debt and not an informational statement.  Mortgage servicers may send

correspondence to debtors when the correspondence is an informational statement.  *In re Tucker*,

516 B.R. 340, 346 (Bankr. W.D. Va. 2014).

The complaint alleges the defendant "attempted to collect the discharged debt from the

Plaintiffs" through the mailed statements.  But the plaintiffs fail to acknowledge what the

statements said.  Instead, the plaintiffs merely allege the existence of the statements (and letters

and return envelopes) violated their discharge injunction.  A review of the documents included in

Exhibit E of the complaint shows a different story.  Each of the documents plainly explain they

are for informational and compliance purposes and not for the purpose of collecting the debt.

The letter dated September 3, 2020 is from Mr. Cooper for Nationstar Mortgage LLC.  The

letter told the plaintiffs that the servicing of their mortgage loan had been transferred from

Nationstar to Shellpoint.  Ex. E, Compl. at 30.  At the bottom of the letter is the following bolded

language:

> Please be advised this communication is sent for informational purposes only and
> is not intended as an attempt to collect, assess, or recover a claim against, or demand
> payment from, any individual protected by the U.S. Bankruptcy Code. If this
> account has been discharged in a bankruptcy proceeding, be advised this
> communication is for informational purpose only and not an attempt to collect a
> debt against you; however, the servicer/lender reserves the right to exercise the

legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.

*Id.* Moreover, in the middle of the letter is the following statement:

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

*Id.*

The September 3, 2020 letter is self-explanatory. It is without a doubt for informational and compliance purpose only and not a demand for payment. More specifically, it is not a demand for payment on any personal debt that has been discharged under the Bankruptcy Code.

The statement dated January 21, 2020, is titled "Informational Statement." Ex. E, Compl. at 31. This statement, as its title clearly states, is for informational purposes. It provides details about the account. The statement contains a boxed paragraph with language that acknowledges the debtors had filed bankruptcy and then tells them the purpose of the statement is for informational and compliance purposes only. The statement includes a payment coupon labeled in bold capital letters as a "voluntary payment coupon." To repeat, the statement shows that it is for voluntary payment and informational and compliance reasons.

The statement dated October 7, 2020 is a mortgage statement from Shellpoint. The statement contains a prominent "Bankruptcy Message." *See id.* at 33. The "Bankruptcy Message" is written in bold letters and uses unambiguous words, specifically, "[w]e are sending this statement to you for informational and compliance purposes only." *See id.* The "Bankruptcy Message" goes on to state that "[i]t is not an attempt to collect a debt against you." *Id.*

The letter dated October 27, 2020 is also from Shellpoint.  The letter, titled "Cooperative Deed-in-Lieu/Short Sale Offer," contains an offer to pay plaintiffs up to $12,500.00 in relocation assistance if they voluntarily transfer the Property to the owner of the mortgage or sell the Property to satisfy the mortgage.  *See id.* at 32.  At no point in the correspondence does Shellpoint (or U.S. Bank) demand payment, let alone threaten collection action in the absence of payment.

The allegation that the defendant mailed statements "to collect payments from the plaintiffs" as a violation of the discharge injunction fails on its face.  The letters, information statement, and mortgage statement contain unambiguous disclaimers explaining each of these items were provided for informational and compliance purposes.  It is simply not plausible to conclude these facts, even taken in the light most favorable to the plaintiffs, show a violation of the discharge injunction when these facts show the defendant never attempted to collect a debt from the plaintiffs.

*Telephone Calls*

Lastly, the plaintiffs allege that between October 2020 and February 2021 they received thirty-nine phone calls from Shellpoint.  *See* Compl. ¶ 12.  The plaintiffs allege these calls were "in a deliberate attempt to pressure the plaintiffs to enter into a new agreement with U.S. Bank National."  *See* Compl. ¶12.  The plaintiffs attach to the Complaint a phone call log to support the allegations.  *See* Ex. F, Compl. at 36–49.  The defendant denied the allegations in its Answer.  *See* Answer ¶¶ 11–12.

According to the phone log, the plaintiffs received thirty-five, instead of thirty-nine, phone calls from Shellpoint between October 5, 2020, and February 19, 2021.  Three of the calls from Shellpoint were answered: (1) on October 28, 2020, a call for a duration of three seconds; (2) on

November 25, 2020, a call for a duration of one second; and finally (3) on December 16, 2020, a call for a duration of two seconds.  All other calls were missed.

The plaintiffs never connect the listing of the name of the servicer on the call log with any actual demand for payment.  Indeed, the plaintiffs cite no facts to show the calls were attempts from U.S. Bank or its loan servicer to collect the debt from them personally.  The plaintiffs speculate, without any corroboration, the purpose of the calls.  The plaintiffs ask this Court to conclude the purpose of calls was to demand payment or to collect a debt, based on their conjecture.

It is true that Mr. and Mrs. Hegedus filed a bankruptcy petition and received a discharge of their personal liability.  After that, the name Shellpoint appeared on a telephone log.  The caller, however, did not seem to speak to Mr. or Mrs. Hegedus or leave any message indicating the purpose of the calls.  Thirty-two unanswered and three answered phone calls with little to no time to ascertain the nature of the call do not suffice to demonstrate the calls were actions to collect a debt as a personal liability of the plaintiffs, or in other words, do not suffice to demonstrate a violation of the discharge injunction.  In short, the allegations are insufficient to state a claim for violation of the discharge injunction that is plausible on its face.

For these reasons, this Court concludes that the plaintiffs' pleadings do not contain sufficient facts that, accepted as true, state a claim to relief that is plausible on its face.  In fact, after considering all the factual allegations in the plaintiffs' pleadings, this Court finds no "well-pleaded allegation" that it can accept as true.  It appears that the plaintiffs simply cannot prove any set of facts that establish a violation of the discharge injunction.  Accordingly, the defendant's motion for judgment on the pleadings should be granted, and the plaintiffs' motion, if construed as a motion for judgment on the pleadings, should be denied.

*Have Plaintiffs Met Their Initial Burden to Show They Are Entitled to Summary Judgment?*

The Court has ruled that the plaintiffs have failed to plead a sufficient cause of action and as such the defendant is entitled to judgment on the pleadings.  All the same, the Court will briefly address the plaintiffs' "motion for judgment" as if it is a motion for summary judgment.

As noted above, the movant must first "establish, as a matter of law, all essential elements of the issue before the nonmoving party [is] obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt*, 539 F.3d at 1280.  Because the plaintiffs failed even to state a claim plausibly entitling them to relief in the complaint as a matter of law, they are not entitled to summary judgment.

Here, the plaintiffs' key allegation is that the defendant violated their discharge injunction.  Pursuant to section 524(a)(2) of the Bankruptcy Code, a discharge injunction would be violated if the defendant commenced or continued an action or employed a process or act "to collect, recover or offset any such debt as a personal liability" of the plaintiffs.  As discussed above, the plaintiffs failed to plead specific details to show anything other than the defendant's legal actions to enforce its *in rem* rights.  Absent any facts showing the defendant attempted to collect from Mr. or Mrs. Hegedus, or from them both, the plaintiffs have failed to make a showing on a critical element.  As such, the plaintiffs cannot prevail as a matter of law.  Furthermore, based on the complaint, answer, and public record, there is no purpose in a trial as there is no basis upon which the plaintiffs will prevail on their claims.  The claims of improper foreclosure (whether based on a standing argument, or defect of the state law procedure, or under bankruptcy law) have already been decided against the plaintiffs.  The claims of improper attempts to collect a debt in violation of the discharge injunction are bare of factual support.

For these reasons, the plaintiffs' motion, if construed as a motion for summary judgment, must be denied.  The plaintiffs raise unfounded allegations in an effort to relitigate claims that courts have already denied.  They fail to show facts that support all essential elements of a discharge violation and cannot show any legal remedy under the law for their unsubstantiated claims.

## CONCLUSION

Put succinctly, neither the complaint nor any of its attachments filed by the plaintiffs plead a cause of action—a violation of the discharge order as set forth in 11 U.S.C. § 524—that is plausible on its face.  Therefore, the Court denies the plaintiffs' motion to the extent that it is construed as a motion for judgment on the pleadings or a motion for summary judgment.  The Court grants in part the defendant's motion as to its request for judgment on the pleadings and will dismiss the complaint.  Furthermore, because the Court has related jurisdiction on the non-core matter of the defendant's motion for a prefiling injunction against plaintiffs, the Court will submit its proposed findings of fact and conclusions of law to the United States District Court for the Western District of Virginia recommending the injunction be granted.

The Court will enter an order that is consistent with this ruling.

The Clerk is directed to send copies of this Memorandum Opinion to the plaintiffs and counsel for the defendant.